PER CURIAM.
Appellant contracted to perform work at a state hospital which included the installation of customized air conditioning equipment. Said equipment was supplied by appellee. The State’s contract with appellant provided for a delay penalty of $75.00 per day for late completion. Appellant’s contract with appellee whereun-der the latter was to furnish the equipment did not contain nor make any reference to a penalty clause.
*541 Appellant was unable to complete the installation within the time agreed by its contract, which delay was due in large measure to appellee’s failure to make timely delivery of its equipment because its suppliers in turn were slow in making their deliveries.
Because of appellant’s failure to make timely completion, the State assessed against it a liquidated damage penalty in the amount of $6,375.00. By this action, appellant sought to obtain a judgment against appellee for the liquidated damage penalty it had sustained on the theory that appellee had caused the loss. The trial court ruled in effect that the penalty provision embodied in appellant’s contract with the State could not be visited against ap-pellee in absence of a liquidated damages penalty provision in appellant’s contract with appellee. We agree and affirm.
While we recognize that a supplier of parts and equipment contracted for may be liable for any damages resulting from unreasonable delay in delivery, appellant’s claim against appellee was not presented in this context. Rather, it was tried entirely on the theory that appellant had suffered a penalty and the same should be borne by appellee without regard to whether appellee’s failure to make timely delivery was its fault or that of its suppliers. No case from this jurisdiction has been cited to us as authority for that proposition and we find none. It goes without saying that penalties per se are generally abhorred by the law and therefore are not to be imposed upon a party in absence of an express provision therefor in a contract. As noted above, no such provision was made as between appellant and appellee; and, therefore, the latter cannot be held liable therefor.
Affirmed.
SPECTOR, C. J., and WIGGINTON and JOHNSON, JJ., concur.